UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ANELE R. GRABAUSKAS,
              Plaintiff,

-against-

CENTRAL INTELLIGENCE AGENCY (CIA),
              Defendant.
-----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**
09-CV-0429 (CBA)

AMON, United States District Judge:

On February 2, 2009, plaintiff appearing *pro se*, filed this action. Plaintiff has paid the filing fee to bring this action, but the Court finds the complaint is frivolous. The Court therefore dismisses the complaint for the reasons set forth below. Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362 (2d Cir. 2000) (the district court may *sua sponte* dismiss a frivolous complaint even if the plaintiff has paid the filing fee).

## BACKGROUND

Plaintiff submits a complaint on the Court's sample complaint form. Plaintiff's complaint alleges, *inter alia*, that the Central Intelligence Agency has harmed her in various ways including:

> Damaging my body up to the bone on my right side of the face and on my left leg (The tumors were left there when swelliness [sic] and blue spots dissapeared [sic]), Planting three more tumors on my body, intentionally disfiguring my face by bombarding it every day with rays (or electro-magnetic waves, for past 4 months, causing chronic pain in various parts of the body for the past four months. Directing those high potency rays (or waves) to the internal organs (heart, brain, lower abdomen part).

(Compl. at 2-3.) Plaintiff further alleges that the CIA has dispatched paid spies who follow plaintiff. (Compl. at 3.) Plaintiff requests monetary damages.

## DISCUSSION

Because plaintiff is proceeding proceed *pro se,* the Court reads her complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (stating that *pro se* complaints are held to

1

"less stringent standards than formal pleadings drafted by lawyers"); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) ("[W]hen the plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."). At this stage of a proceeding, the Court must weigh in favor of a plaintiff the factual allegations in the complaint. See Denton v. Hernandez, 504 U.S. 25, 32 (1992). However, the Court may dismiss a claim if the Court finds it is based on an "indisputably meritless legal theory." Id.

Plaintiff's pleadings are, for the most part, irrational and incredible. There are no cognizable claims within its text. The allegations in the complaint — even under the very liberal reading accorded to *pro se* pleadings, and even if plaintiff herself believes them — can only be described as delusional and fantastic. See Denton, 504 U.S. at 33. "District courts may dismiss a frivolous complaint *sua sponte* pursuant to Rule 12(b)(6) where the claims are found to be fantastic and delusional." Mecca v. United States Gov't, No. 06-CV-3492 (JS) (WDW), 2006 WL 2927157, at *2 (E.D.N.Y. Oct. 4, 2006) (noting that "[t]he Second Circuit has adopted this analysis even when the plaintiff . . . has paid the required filing fee.") Since the complaint is devoid of any basis in law or fact, defects which cannot be cured by amendment, the complaint is dismissed.

## CONCLUSION

Accordingly, the complaint is dismissed as frivolous and delusional. Fitzgerald, 221 F.3d at 362. Although plaintiff paid the filing fee to bring this action, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is ordered to close this case.

SO ORDERED.
Dated: Brooklyn, New York
February 23, 2009

/S/
Carol Bagley Amon
United States District Judge